IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN JOSEPH KING,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>J. SOTO,<br><br>　　　　Respondent.<br>_____ | No. C 15-1137 JSW (PR)<br><br>**ORDER OF DISMISSAL;**<br>**GRANTING LEAVE TO**<br>**PROCEED IN FORMA**<br>**PAUPERIS**<br><br>(Docket No. 7) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition challenging the constitutionality of his conviction in the state courts. Because it is clear that he has not exhausted his claims to the California Supreme Court, dismisses the petition without prejudice to filing a new federal petition once all claims have been exhausted. This order also grants Petitioner's motion to proceed in forma pauperis (docket number 2).

## DISCUSSION

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

1    It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court, such as petitioner, may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.

Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). Petitioner indicates that he never presented the claims raised herein to the California Supreme Court. According to the petition, the California Supreme Court denied his petition for review on direct appeal, but that petition did not include the claims raised in the instant federal petition. (Dkt. No. 6 at 3.) The petition indicates no other post-conviction or collateral petitions filed in the California Supreme Court; the only habeas petition he filed in state courts was a petition in the Contra Costa County Superior Court. (*Id.*) To properly exhaust his claims, Petitioner must properly present them to the California Supreme Court. Petitioner has not presented any exceptional circumstances to excuse his failure to

exhaust. *See Granberry*, 481 U.S. at 134. The petition will therefore be dismissed without prejudice to refiling after available state judicial remedies are exhausted.

## CONCLUSION

For the foregoing reasons and for good cause shown the petition for a writ of habeas corpus is DISMISSED without prejudice.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case

In light of Petitioner's lack of funds, his application for leave to proceed in forma pauperis is GRANTED (docket number 7).

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: June 1, 2015

JEFFREY S. WHITE
United States District Judge